# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

SOUTHERN ILLINOIS BEVERAGE, INC.,

Plaintiff,

v.

HANSEN BEVERAGE COMPANY,

Defendant.                                      No. 07-CV-0391-DRH

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I. Introduction

Now before the Court is Plaintiff's motion to reconsider Order granting motion to stay litigation pending arbitration (Doc. 25). Plaintiff claims that it is not relying on the Folsom contract and it should not be estopped from asserting that the arbitration provision in the Folsom contract does not apply. Specifically, Plaintiff contends that it is not attempting to "take advantage" of any rights under the Folsom contract and that there is a separate and distinct oral contract existing between the parties. Obviously, Defendant opposes the motion (Doc. 227). Based on the following, the Court denies Plaintiff's motion to reconsider Order granting motion to stay litigation pending arbitration.

### II. Analysis

Strictly speaking, a motion to reconsider does not exist under the

Federal Rules of Civil Procedure. ***Hope v. United States***, **43 F.3d 1140, 1142 (7th Cir. 1995)**. Despite this fact, such motions are routinely presented, and this Court will consider them if timely-filed. If filed within ten days of the entry of a judgment or order in the case, the motions are construed as motions to alter or amend under **Federal Rule of Civil Procedure 59(e)**. ***See Britton v. Swift Transportation Co., Inc.***, **127 F.3d 616, 618 (7th Cir. 1997)("the key factor in determining whether a 'substantive' motion is cognizable under Rule 59 or 60 is its timing");** ***Mendenhall v. Goldsmith***, **59 F.3d 685, 689 (7th Cir.), cert. denied, 516 U.S. 1011 (1995)("any post-judgment substantive motion that is made within ten days of the entry of judgment is deemed a Rule 59(e) motion.").** Plaintiff's motion to reconsider was filed within ten days of the entry of the Order granting the motion to stay litigation pending arbitration.

        **FEDERAL RULE OF CIVIL PROCEDURE 59(e)** motions serve a narrow purpose and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. ***Moro v. Shell Oil Co.***, **91 F.3d 872, 876 (7th Cir. 1996)**; ***Federal Deposit Ins. Corp. v. Meyer***, **781 F.2d 1260, 1268 (7th Cir. 1986)**; ***Publishers Resource, Inc. v. Walker-Davis Publications, Inc.***, **762 F.2d 557, 561 (7th Cir. 1985)**. "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." ***Russell v. Delco Remy Div. of General Motors Corp.***, **51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**. The function

of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. **Moro, 91 F.3d at 876 (citation omitted);** *King v. Cooke***, 26 F.3d 720, 726 (7th Cir. 1994), cert. denied, 514 U.S. 1023 (1995)**.

Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Yorke v. Citibank, N.A.* (*In re BNT Terminals, Inc.***), 125 B.R. 963, 977 (N.D.Ill.1990) (citations omitted)**. Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants. **BNT Terminals**, **125 B.R. at 977**. The decision to grant or deny a Rule 59(e) motion is within the Court' discretion. **See** *Prickett v.* **Prince, 207 F.3d 402, 407 (7th Cir. 2000);** *LB Credit Corp. v. Resolution Trust Corp.***, 49 F.3d 1263, 1267 (7th Cir. 1995)**.

The Court finds that Plaintiff neither presented newly discovered evidence nor identified a manifest error of law or fact. Plaintiff's motion merely takes umbrage with the Court's ruling and rehashes old arguments. The Court remains convinced of the correctness of its position. Thus, the Court rejects Plaintiff's motion to reconsider.

### III. Conclusion

Accordingly, the Court **DENIES** Plaintiff's motion to reconsider Order

granting motion to stay litigation pending arbitration (Doc. 25).

**IT IS SO ORDERED.**

Signed this 2nd day of April, 2008.

/s/       DavidRHerndon

**Chief Judge
United States District Court**